**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY L. PETRIE,<br><br>Defendant. | Case No. 25-00148-01-CR-W-DGK |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America respectfully offers this memorandum to the Court in support of its recommendation that defendant, Jeffrey L. Petrie, be sentenced to 360 months confinement for his guilty plea to Count One of the indictment to be followed by a 10-year term of supervised release. The government also asks the Court to impose the $100 special assessment under 18 U.S.C. § 3013, a separate special assessment of $5,000 under 18 U.S.C. § 3014, and an additional assessment of not more than $35,000 under 18 U.S.C. § 2259A.

## I. BACKGROUND

On April 14, 2026, the defendant, Jeffrey L. Petrie, pled guilty in accordance with a written plea agreement to Count One of the indictment charging him with distribution of child pornography, pursuant to 18 U.S.C. § 2252(a)(2). (Docs. 39, 40.) Based on a prior qualifying conviction, the statutory sentencing range for Count One is not less than 15 years imprisonment and not more than 40 years imprisonment. (Doc. 40, ¶ 3.)

On August 19, 2026, the final Presentence Investigation Report ("PSR") was filed, concluding that the defendant's total offense level is 39 with a criminal history category of III,

resulting in a guidelines imprisonment range of 324 months to 405 months. (D.E. 45 hereinafter "PSR" ¶ 77.)

In the written Rule 11(c)(1)(C) plea agreement, the parties entered into an agreement that binds the Court to sentence the defendant to a term of imprisonment of not less than 240 months and not more than 360 months. (Doc. 40, PSR ¶ 3.) The Government will dismiss Count Two after the defendant has been sentenced. (PSR ¶ 3.)

## II. DISCUSSION

### A. Statutory and Guidelines Calculations

As to Count One, the PSR has determined the guidelines imprisonment range to be 324-405 months. (PSR ¶ 77.) In addition, the guidelines recommend a term of supervised release of five years to Life. (PSR ¶ 80.) The government has one disagreement with the Unted States Probation Office's calculations. As set out in the written plea agreement, the government and the defendant agreed that a 5-level enhancement for distribution in exchange for valuable consideration pursuant to U.S.S.G. § 2G2(b)(3)(B) applies in this case. (Doc. 40, ¶ 10(c).) Probation has determined that a 2-level enhancement pursuant to U.S.S.G. § 2G2(b)(3)(F) for knowing distribution should be applied rather than the 5-level enhancement. (PSR ¶ 23.) The government's objection to the specific offense characteristic is set out in the PSR addendum. Whether the Court determines that a 2-level or 5-level specific offense characteristic applies, the government's recommendation remains 360 months.

### B. Statutory Sentencing Factors

The Court must "impose a sentence sufficient, but not greater than necessary" to address the factors enumerated in 18 U.S.C. § 3553, including the Guidelines issued by the U.S. Sentencing Commission. These factors include:

1. *Nature and Circumstances of the Offense*

A review of the nature and circumstances of the defendant's criminal conduct in this case leaves little question that he represents a significant danger to public safety, and particularly a danger to minors. The defendant has demonstrated a long-standing sexual interest in minors.

The facts set out in the PSR describe the defendant's history of obtaining, distributing, and viewing child pornography. (PSR ¶¶ 4-11.) The defendant was identified after a Cybertip was reported to the National Center for Missing and Exploited Children. Username "kinkypoppers 69," later identified as the defendant, shared eight video files of child sexual abuse material (CSAM) via private chat messages. (PSR ¶ 4.) When questioned by law enforcement officials, the defendant stated that he used multiple social media platforms to obtain CSAM and later share that CSAM with other users. (PSR ¶ 9.) The defendant also admitted to using social media platforms to meet girls, and that some of the females he encountered were under the age of 18. (PSR ¶ 10.) The defendant admitted to sharing sexually explicit content with the females he met online, and that he requested CSAM from some of the minor females. (*Id.*) The defendant admitted that several of his online accounts had been suspended for his activity and because he would lose the ability to access those accounts, he had to start "from scratch" and obtain new accounts. (*Id.*)

Further, the defendant's roommate, Terry Winemiller,[1] told law enforcement that he and the defendant shared CSAM "too many times to remember," and that they shared those files via Bluetooth. (PSR ¶ 12.) The defendant's actions demonstrate his persistence in obtaining, sharing, and viewing child pornography.

The Supreme Court has noted the following about the seriousness of child pornography offenses and the additional harm wrought upon victims by the dissemination of their images over

[1] Winemiller is charged with child pornography offenses in case number 25-00357-01-CR-W-BP.

the Internet:

> Three decades ago, this Court observed that "the exploitive use of children in the production of pornography has become a serious national problem." *New York v. Ferber*, 458 U.S. 747, 749, 102 S.Ct. 3348, 73 L.Ed.2d 113 (1982). The demand for child pornography harms children in part because it drives production, which involves child abuse. The harms caused by child pornography, however, are still more extensive because child pornography is "a permanent record" of the depicted child's abuse, and "the harm to the child is exacerbated by [its] circulation." *Id.* at 759, 102 S.Ct. 3348. Because child pornography is now traded with ease on the Internet, "the number of still images and videos memorializing the sexual assault and other sexual exploitation of children, many very young in age, has grown exponentially." United States Sentencing Comm'n, P. Saris et al., Federal Child Pornography Offenses 3 (2012) . . .

*Paroline v. United States*, 134 S.Ct. 1710, 1716-17 (2014). As the Supreme Court has recognized for decades, offenses such as the defendant's crimes are serious. A just punishment should also be serious. An appropriate sentence must reflect that the defendant acknowledges a sexual interest in children and that his interest led to him communicating with other like-minded offenders and obtaining, sharing, and viewing child pornography.

2. *History and Characteristics of Defendant, Need to Promote Respect for the Law, and Need to Afford Adequate Deterrence to Criminal Conduct*

The defendant has been previously convicted of child molestation on two separate occasions. (PSR ¶¶ 39 and 40.) On each occasion the defendant had sexual contact with a minor female. Both convictions occurred in 2012. (*Id.*) The defendant has also been convicted of involuntary manslaughter related the death of a 3-month-old child. (PSR ¶ 38.) Further, the defendant has been convicted of failure to register as a sex offender. (PSR ¶ 41.)

The PSR notes numerous instances of the defendant's failure to abide by terms of supervision. After the defendant served a term of imprisonment for his involuntary manslaughter conviction, the defendant was released on a conditional release where he incurred violations for

failing to report a change of address, failure to return to the Kansas City Community Release Cetner, failure to obtain a sex offender evaluation, unsuccessful discharge from sex offender treatment, and a new criminal law violation for child molestation. (PSR ¶ 38.) The defendant was returned to custody based on those violations. (*Id.*) Related to his prior conviction for failure to register as a sex offender, the defendant incurred multiple probation violations and his probation was ultimately revoked. (PSR ¶ 41.) The defendant's actions demonstrate a lack of respect for our laws.

In light of the defendant's criminal history, a sentence of 360 months is necessary to instill respect for the law that may serve to deter further criminal conduct by this defendant.

3. *Need to Protect the Public from Further Crimes of the Defendant*

The defendant's past criminal history and criminal conduct in this case reveal that he is a danger to the most vulnerable members of the community. He has been convicted of molesting children on two separate occasions. (PSR ¶¶ 39 and 40.) It is clear he views minor children as sexual objects and as a means to gratify his sexual appetite. The facts set out in the PSR demonstrate that not only is the defendant a danger to the community because of his sexual interest in minors, but he is a physical danger to children. The facts set out in paragraph 38 of the PSR are disturbing and reflect the danger the defendant poses to children he may encounter.

4. *Need to Provide Defendant with Education, Vocational Training, or Other Correctional Treatment*

The Government suggests a need for the defendant's participation in education, vocational training, or treatment programs while incarcerated. To be sure, the defendant absolutely requires correctional treatment for what can only be described as a long-lasting problematic attraction to minor children, and a demonstrated disregard for the safety of chldren. The requested 360-month

term of correctional treatment, followed by a 10-year term of supervised release, will ideally best serve society and this defendant.

## IV. CONCLUSION

In this case, the plea agreement calls for a sentence of not less than 240 months and not more than 360 months. Section 3553 requires the Court to impose a sentence that considers the factors above, including the advisory Guidelines range. The Government respectfully requests that the defendant's behavior and history, the need to promote respect for the law, the need to deter criminal conduct, the need to protect the public from the defendant, and any other statutory sentencing factors be considered in reaching an appropriate sentence. Based on the foregoing factors, the Government recommends that this Court impose a sentence of 360 months imprisonment for Count One to be followed by a 10-year term of supervised release. The Government further respectfully recommends that the defendant be ordered to pay the $100 special assessment under 18 U.S.C. § 3013, the $5000 special assessment pursuant to 18 U.S.C. § 3014, and an additional assessment of not more than $35,000.

Respectfully submitted,

R. MATTHEW PRICE
United States Attorney
Western District of Missouri

By *<u>/s/ Teresa A. Moore</u>*
Teresa A. Moore
Assistant United States Attorney
Special Victims Unit
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, Missouri 64106

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on September 18, 2026, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Teresa A. Moore*
Teresa A. Moore
Assistant United States Attorney